No. 85-55

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

MOUNTAIN STATES INSURANCE COMPANY,

       Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, acting by and through
the BOARD OF HAIL INSURANCE, DEPT. OF
AGRICULTURE, et al.,

       Defendants and Respondents.

_____

APPEAL FROM:  District Court of the First Judicial District,
           In and for the County of Lewis & Clark,
           The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Philip W. Strope argued, Helena, Montana
        Roger Tippy argued, Helena, Montana

    For Respondent:

        Garth Jacobson argued, Bd. of Hail Insurance, Helena,
        Montana
        Robert Throssell, State Auditor's Office, Helena,
        Montana

    For Amicus Curiae:

        John J. Oitzinger, Governor's Council on Management,
        Helena, Montana

_____

           Submitted:  September 24, 1985

             Decided:  November 4, 1985

NOV 4 - 1985

Filed:

_____
                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Mountain States Insurance Company brought this action for a declaratory judgment in the First Judicial District, Lewis and Clark County, seeking an order declaring the Board of Hail Insurance to be unconstitutional. Both plaintiff and defendants filed motions for summary judgment. The District Court granted defendants' motion for summary judgment. Plaintiff appeals. We affirm the District Court.

Appellant Mountain States Insurance raises three issues on appeal. First, does the statutory duty of the State Auditor to serve on the Board of Hail Insurance violate the constitutional prohibition against dual office holding? Second, is there a conflict of interest between the State Auditor's duties as a member of the Hail Board and the Auditor's duties as ex officio insurance commissioner? Third, assuming arguendo the presence of the State Auditor on the Hail Board is illegal, does the entire act creating the Hail Board fail for lack of a severability clause?

In 1917, the Montana legislature established the Hail Insurance Board to administer Montana's hail insurance program for agricultural crops. The hail insurance program provides low cost hail insurance to farmers. Five persons serve on the Hail Board which administers the program: the State Auditor, the director of the Department of Agriculture, and three persons appointed by the Governor. Section 2-15-3003, MCA.

The State Auditor and the Director of the Department of Agriculture are not compensated for their service on the Hail Board. Section 80-2-202(3), MCA. The State Auditor is an

- 2 -

elected official who serves as ex officio Commissioner of Insurance pursuant to section 2-15-1903, MCA. As ex officio insurance commissioner, the State Auditor is required by law to approve the form of all hail insurance policies written in Montana and at the same time is required by statute to sit as a member of the Board of Hail Insurance which establishes the form, substance and rates of all hail policies issued.

I.

Appellant, Mountain States Insurance contends the statutory appointment of the State Auditor to the Hail Board violates the constitutional prohibition against dual office holding in Art. VI, § 5, 1972 Mont. Const. That section provides:

> During his term, no elected officer of the executive branch may hold another public office or receive compensation for services from any other governmental agency. He may be a candidate for any public office during his term.

The State Auditor is an elected officer of the executive branch whose duties are prescribed by law. Art. VI, § 4(5), 1972 Mont. Const.

In this case, appellant contends the State Auditor is violating the constitutional prohibition against dual office holding by virtue of the legislatively-assigned duty to be a member of the Hail Board. This Court has already held the State Auditor could be a member of the Industrial Accident Board without violating the constitutional prohibition against dual office holding. Shea v. North-Butte Mining Co. (1919), 55 Mont. 522, 179 P. 499. We stated in Shea:

> The next contention made by counsel is that the board is an unlawful body because the state auditor, one member of it, holds two offices. By this we presume counsel mean that because the auditor is made a member of the board and is required to execute a bond to guarantee the faithful performance of his duties, this

- 3 -

> constitutes him a public officer, in a capacity
> other than as state auditor. A complete answer to
> this contention is found in section 1 of Article
> VII of the Constitution. This section enumerates
> the state executive officers. It then provides
> that they shall perform such duties as are
> prescribed in the Constitution and by the Laws of
> the State. It is not necessary to refer to the
> constitutional duties enumerated appertaining to
> the auditor's office. The only limitation imposed
> upon the legislature in imposing duties upon the
> auditor is found in section 1 of Article IV. This
> prohibits the imposition of duties upon him that
> appertain to the legislative or judicial
> departments of the government. So long as this
> limitation is not violated, the legislature is at
> liberty to impose any governmental duty upon this
> officer.

Id. at 538-39, 179 P. at 504-05.

In the case at hand, the legislature chose to impose upon the State Auditor the governmental duty of being a member of the Hail Board. The State Auditor does not hold dual offices by carrying out his duties.

Appellant contends that State ex rel. Barney v. Hawkins (1927), 79 Mont. 506, 257 P. 411 controls. In Barney, a state legislator was hired as an auditor for the Board of Railroad Commissioners. The issue before this Court was: Did a legislator who was hired as an auditor violate the constitutional prohibition against legislators holding public offices?

In Barney, we adopted a five-part test to determine if a position of public employment was a public office. However, that test is inapplicable here because Barney is clearly distinguishable on its facts. Barney dealt with a legislator who sought another governmental position while in office. However in the case at hand, the State Auditor was assigned ex officio duties by the legislature. As we held in Shea, the only limit upon the duties which may be assigned by the legislature to an officer of the executive branch is that the

duties may not pertain to the legislative or judicial departments of government. We conclude that the statutory appointment of the State Auditor to the Hail Board is constitutional.

## II.

The second issue appellant raises on appeal is whether there is a conflict of interest between the State Auditor's duties as Hail Board member and the Auditor's duties as ex officio insurance commissioner. Appellant contends two conflicts exist: a statutory conflict and an incompatibility between the two offices. The appellant contends the statutory conflict arises because section 33-1-305, MCA prohibits the insurance commissioner from having any financial interest in an insurer or insurance transaction. "Financial interest" is defined in section 2-2-102(4) as "an interest held by an individual, his spouse, or minor children which is: . . . (f) a directorship or officership in a business." Appellant contends the Hail Board is the business in which the State Auditor is financially interested. We find the State Auditor as ex officio insurance commissioner is not financially interested in the Hail Board within the meaning of section 2-2-102(4), MCA. That section is a part of the Code of Ethics. The Code of Ethics was constitutionally mandated by Art. XIII, § 4, 1972 Mont. Const., which states, "The legislature shall provide a code of ethics prohibiting conflict between public duty and private interest for members of the legislature and all state and local officers and employees." When the Code of Ethics was passed by the legislature, a statement of purpose was enacted in section 2-2-101, MCA. "The purpose of this part is to set forth a code of ethics prohibiting conflict between

public duty and private interest as required by the constitution of Montana." The State Auditor has no private interest in the Hail Board. He derives no compensation for his service on the Hail Board. The State Auditor has affirmatively alleged and it is not denied that he has never received any compensation, benefit, or gain from the Hail Insurance Program or from any other source for the performance of his duties as a Hail Board member. We conclude there is no statutory conflict of interest that would preclude the State Auditor from serving on the Hail Board.

III.

Appellant next contends the two offices of Insurance Commissioner and Hail Board member are incompatible offices which create a conflict of interest. Appellant relies on Bath Club, Inc. v. Dade County (Fla. 1981), 394 So.2d 110. In the Bath Club case, the Florida legislature created a real property tax equalization board made up of three county commissioners and two school board members. The board was challenged as being constitutionally defective in light of the Florida provision against dual office holding. The appellant contended an inherent conflict of interest existed between the board's duty to grant impartial hearings on tax assessments, and the board members' desire to secure adequate revenues for their agencies. The Florida Court held that there was no conflict of interest between the duty of county commissioners and school board members to levy the ad valorem taxes on real property and the "limited function of Board members to review and correct individual assessments made by the county tax appraiser." Bath Club, 394 So.2d at 112. Likewise, in this case, there is no conflict of interest

between the duty of the Hail Board members to set hail insurance rates and the limited function of the State Auditor as insurance commissioner to review those rates. We conclude the District Court was correct in holding no conflict of interest exists. Because we have held the State Auditor may be a member of the Hail Board, we do not reach the issue of whether the entire act creating the Hail Board must fall due to the lack of the severability clause.

We also do not reach the issue presented by amicus curiae in a brief submitted in this case, as to whether the Hail Insurance Program violates economic due process. In State ex rel. Bennett v. Bonner (1950), 123 Mont. 414, 214 P.2d 747, we held that an amicus has no right to question the constitutionality of an act because he is not a party, and his rights are not being affected. This Court "will not pass on grounds of invalidity urged by an amicus curiae but not presented by the parties." Id. at 421, 214 P.2d at 751.

Therefore, the judgment of the District Court is affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

- 7 -

_____
                    Justices

_____
The Hon. C. B. McNeil,
District Judge, Sitting
for the Hon. William E.
Hunt, Sr.

- 8 -